**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BROADLEAF RESULTS, INC., and CONDUENT STATE AND LOCAL SOLUTIONS, INC.,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Civil Action No.: 1:22-cv-4557 |

## NATURE OF THE ACTION

This is an action under the American with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended by the American with Disabilities Act of 2008 ("ADA") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Lorraine Peters ("Ms. Peters"). The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendants Broadleaf Results Inc., ("Broadleaf") and Conduent State and Local Solution, Inc., ("Conduent") (collectively "Defendants") discriminated against Ms. Peters based on her disability when they refused her reasonable accommodation and terminated her employment because of her disability.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1)

and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3.      Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Broadleaf has continuously been a New York limited liability company doing business in the State of New York and County of Richmond and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Broadleaf has continuously been an employer engaged in an industry affecting commerce under Sections 101(2) of the ADA, 42 U.S.C. § 12111(2), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) & (h).

6.      At all relevant times, Broadleaf has continuously been an employment agency and procured employees for a covered employer within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

7.      At all relevant times, Broadleaf has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8.      At all relevant times, Conduent has continuously been a New Jersey limited liability corporation doing business in the State of New York and County of Richmond and has had at least

fifteen (15) employees.

9.      At all relevant times, Conduent has continuously been an employer engaged in an industry affecting commerce under Sections 101(2) of the ADA, 42 U.S.C. § 12111(2), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) & (h).

10.      At all relevant times, Conduent has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

11.      At all relevant times, Conduent has contracted with Broadleaf for services rendered in New York and has been a joint employer with Broadleaf.

## ADMINISTRATIVE PROCEDURES

12.      More than thirty days prior to the institution of this lawsuit, Lorraine Peters filed a charge with the Commission alleging violations of the ADA by Broadleaf and Conduent.

13.      On August 5, 2021, the Commission issued to Defendant Broadleaf a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

14.      On August 5, 2021, the Commission issued to Defendant Conduent a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

15.      The Commission engaged in communications with Defendant Broadleaf to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

16.      The Commission engaged in communications with Defendant Conduent to provide

it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

17.     On September 21, 2021, the Commission issued to Defendant Broadleaf a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

18.     On June 7, 2022, the Commission issued to Defendant Conduent a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

19.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

20.     On or about August 2019, Defendants engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5), by failing to provide Ms. Peters with a reasonable accommodation and terminating her employment because of her disability.  Specifically:

    a.   Broadleaf is a staffing agency that contracts with client companies, including Conduent, to provide employment and record and recruitment services.

    b.   Conduent contracted with Broadleaf to fill a Customer Service Representative position at Conduent's E-ZPass Customer Care Center in Staten Island, New York.

    c.   As part of its contract with Conduent, Broadleaf was responsible for recruiting, hiring, and payrolling the customer service representatives who work at the Conduent Customer Service Center.

    d.   Lorraine Peters suffers from moderately severe to severe bilateral hearing loss which substantially limits her ability to hear.

    e.   In July 2019, Ms. Peters applied and interviewed for a Customer Service

4

Representative position, advertised by Broadleaf on behalf of its client, Conduent, at Conduent's E-ZPass Customer Care Center in Staten Island, New York.

f.  During her interview on or about July 18, 2019, Ms. Peters told Tanya Tanner-Hoover ("Tanner-Hoover"), Broadleaf's On-site Program Manager at the E-ZPass Customer Care Center, that she suffered from a hearing-related impairment and used hearing aids in both ears.

g.  On or about July 24, 2019, Broadleaf offered Ms. Peters the position of Customer Service Representative, which Ms. Peters accepted.

h.  On August 3, 2019, Ms. Peters submitted a Voluntary Self-Identification Form to Defendants indicating, "YES, I HAVE A DISABILITY."

i.  Conduent provided the space, location and equipment that Ms. Peters needed to perform her job duties.

j.  Conduent provided on-site training for Ms. Peters and controlled her day-to-day activities during training.

k.  On August 5, 2019, Ms. Peters began Conduent's E-ZPass 3 Week New Hire Training Program at the E-ZPass Customer Care Service Center.

l.  The training program was led by Conduent supervisors, which included Conduent Learning & Development Specialist Serena DiRosa ("DiRosa") and Conduent's Acting Call Center Manager, Rosario Boye ("Boye").

m.  During in-class instruction on August 5, 2019, Ms. Peters had difficulty hearing the instructors. She advised the instructors that she had a hearing impairment and asked them to speak louder.

n.  As a result, DiRosa moved Ms. Peters to the front of the classroom and DiRosa and

Boye assured Ms. Peters that her hearing impairment would not present an issue, and that her disability could be accommodated.

o.  Conduent managers assigned Ms. Peters to work tasks. assessed her performance and had the power to terminate her employment

p.  Ms. Peters interfaced daily with Conduent management to whom she reported.

q.  On or about August 13, 2019, Ms. Peters was assigned to shadow a customer care representative and allowed to listen to live customer calls using a headset provided by Conduent.

r.  This training took place in the "bullpen," which was crowded and noisy.

s.  Ms. Peters had difficulties hearing the calls she shadowed.

t.  That day, Ms. Peters approached DiRosa and told her that she was having difficulties hearing calls using the headset.

u.  DiRosa told Ms. Peters that her hearing impairment could be accommodated and suggested that Ms. Peters talk to Tanner-Hoover.

v.  On August 20, 2019, Ms. Peters met with Tanner-Hoover and Boye to inform them that she was still having difficulties hearing using her Conduent headset and to discuss a possible accommodation.

w.  Ms. Peters informed Tanner-Hoover that she had an appointment with her audiologist that afternoon and intended to bring the Conduent headset with her so that either her hearing aid or the headset could be adjusted.

x.  Tanner-Hoover yelled at Ms. Peters and accused her of failing to notify anyone about her hearing impairment.  Ms. Peters rebuffed Tanner-Hoover and reminded her that she had informed Broadleaf and Conduent managers about her hearing

impairment on several occasions and disclosed that she was disabled in her on-boarding documents.

y.  Tanner-Hoover allowed Ms. Peters to leave work early to attend her audiologist appointment. However, Ms. Peters' audiologist unexpectedly cancelled the appointment and she could not reschedule it until the following week.

z.  On or about August 21, 2019, Tanner-Hoover visited Ms. Peters and told her that, if she continued having issues handling phone calls, she could possibly be transferred to another position in the E-ZPass Customer Care Center. Ms. Peters confirmed her interest in the transfer.

aa. On August 23, 2019, Ms. Peters was assigned to take live calls.  Before starting, Ms. Peters approached DiRosa and inquired whether her disability would be accommodated.

bb. DiRosa told Ms. Peters to follow-up with Tanner-Hoover.

cc. On August 23, 2019, Tanner-Hoover's assistant, Leslyne Michels ("Michels"), asked Ms. Peters to come into Tanner-Hoover's office.

dd. When Ms. Peters arrived, Michels called Tanner-Hoover, and Ms. Peters stated that she was still having difficulties hearing calls on her Conduent headset.

ee. Despite both Broadleaf and Conduent having notice of Ms. Peters' disability and need for a reasonable accommodation, neither engaged in any interactive process with her.

ff. Instead, Tanner-Hoover told Ms. Peters, "If you cannot hear, that you can't do the job."

gg. Tanner-Hoover told Ms. Peters that her employment was being terminated,

effective immediately.

hh. Ms. Peters protested her termination and told Tanner-Hoover that she needed to have her headset adjusted.  However, Tanner-Hoover told Ms. Peters "don't make this a black and white issue."

ii. Tanner-Hoover asked Ms. Peters to turn over her headset, fill out exit paperwork, and told Michel to escort Ms. Peters out of the building.

jj. On August 23, 2019, Michel sent an e-mail to Broadleaf and Conduent confirming that "Lorraine Peters has been release [sic] from the SI CC. Badge was returned. Please deactivate all access."

kk. At the time of Ms. Peters' termination, accommodations were available that would have permitted Ms. Peters to perform the essential functions of the Customer Service Representative job.

ll. At the time of Ms. Peters' termination, vacant and/or available positions for which Ms. Peters was qualified were available into which Ms. Peters could have been reassigned.

mm.      Conduent became aware that Broadleaf had terminated Ms. Peters without justification during the accommodation process.

21.      As a result of the foregoing, Ms. Peters suffered harm.

22.      As specifically set forth in paragraph 20 above, Defendants engaged in unlawful practices in violation of Section 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A), by failing to provide Ms. Peters with a reasonable accommodation.

23.      Defendants engaged in unlawful practices in violation of Section 102(a) and (b)(5) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5), by terminating Ms. Peter's employment

because of her disability.

24.     As specifically set forth in paragraph 20 above, Conduent failed to take corrective action within its control to remedy Broadleaf's decision to terminate Ms. Peters, which Conduent knew or should have known was because of Ms. Peters' disability.

25.     The unlawful employment practices complained of in Paragraphs 20 and 21 above were intentional.

26.     The unlawful employment practices complained of in Paragraphs 20 and 21 above caused Ms. Peters to suffer pecuniary and non-pecuniary damages including, but not limited to, lost wages and mental anguish and emotional distress.

27.     The unlawful employment practices complained of in Paragraphs 20 and 21 above were done with malice or with reckless indifference to Ms. Peters' federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating based on disability including, but not limited to, failing to provide reasonable accommodations to qualified individuals with disabilities that do not constitute an undue hardship.

B.     Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities and reasonable accommodations for qualified individuals with disabilities involving hearing and that eradicate the effects of their past and present unlawful employment practices.

C.     Order Defendants to make Ms. Peters whole by providing appropriate back pay with prejudgment interest, in the amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant to make Ms. Peters whole by reinstating her or awarding front pay in lieu thereof, in amounts to be determined at trial.

E.      Order Defendant to make Ms. Peters whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F.      Order Defendant to make Ms. Peters whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

G.      Order Defendant to pay Ms. Peters punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Dated: August 3, 2022

Respectfully submitted,

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

131 M Street NE
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

KIMBERLY CRUZ
Supervisory Trial Attorney
kimberly.cruz@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

**EDUMIN CORRALES**
Trial Attorney
edumin.corrales@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Newark Area Office
Two Gateway Center, Suite 1703
283-299 Market Street,
Newark, New Jersey 10004
Office:  862-338-9424